Walter J. Lack, Esq. (SBN 57550)
wlack@elllaw.com
Paul A. Traina, Esq. (SBN 155805)
ptraina@elllaw.com
Ian P. Samson, Esq. (SBN 279393)
isamson@elllaw.com
**ENGSTROM, LIPSCOMB & LACK**
A Professional Corporation
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, California 90067-4113
Tel: (310) 552-3800 / Fax: (310) 552-9434

Brian J. Soo-Hoo, Esq. (SBN 228298)
soohoolaw@gmail.com
**LAW OFFICES OF BRIAN J. SOO-HOO**
601 Parkcenter Drive, Suite 105
Santa Ana, California 92705
Tel: (714) 589-2252/Fax: (714) 589-2254

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP NGHIEM, individually and on behalf of a class of similarly situated individuals,<br><br>           Plaintiff,<br><br>vs.<br><br>DICK'S SPORTING GOODS, INC., and DOES 1-10, inclusive,<br><br>           Defendants. | Case No. 8:16-cv-00097-CJC-DFM<br>Assigned to Hon. Cormac J. Carney<br><br>**JOINT RULE 26(f) REPORT OF COUNSEL**<br><br>**Conference:** May 9, 2016<br>**Time:** 3:30 pm<br>**Courtroom:** 9B<br><br>**Trial Date:** None set |

**TO THE HONORABLE COURT:**

Plaintiff Phillip Nghiem, individually and on behalf of those similarly situated, by and through his attorneys of record Walter J. Lack, Paul A. Traina, and Ian P. Samson of Engstrom, Lipscomb & Lack and Brian J. Soo-Hoo of the Law Offices of Brian J. Soo-Hoo, and Defendant Dick's Sporting Goods, Inc., by and through its attorneys of record John Du Wors, Samantha Everett and Leeor Neta of Newman Du Wors LLP, respectfully submit this Joint Report pursuant to Fed. R. Civ. P. 26(f), Local Rule 26-1, and the Court's April 15, 2016 Order. The parties met and conferred as required by Fed. R. Civ. P. 26(f) and Local Rule 26-1 on April 18, 2016 and continued that meet-and-confer session to April 19, 2016.

**I.     MATTERS REQUIRED BY LOCAL RULE 26-1**

**A.     COMPLEX CASE:**

The parties contend this case is not complex.   However, the parties recognize that class action issues may arise which may necessitate use of Chapter 21 of the Manual for Complex Litigation.

**B.     MOTION SCHEDULE:**

The parties agree that dispositive or partially dispositive motions which are likely to be made are Plaintiff's motion to strike portions of Defendant's amended answer, Plaintiff's motion for class certification, Defendant's motion for class de-certification, and any motions for summary judgment or summary adjudication. Defendant has filed a motion to compel arbitration and dismiss Plaintiff's case, which is due to be heard by the Court on June 13, 2016.   Plaintiff will file his motion to strike in accordance with the deadlines provided by Rule 12(f).   The Court has already approved the parties' stipulation that Plaintiff must file his motion for class certification on or before October 28, 2016.   The parties agree that any motions for summary judgment should be filed after fact discovery and

expert discovery cut-off.

### C.   ADR:

The parties have already conducted one half-day of mediation before the Honorable Louis M. Meisinger (Ret.) on March 21, 2016 at ADR Services in Los Angeles, California.

### D.   TRIAL ESTIMATE:

Plaintiff's preliminary estimate for the length of time required for trial is 7-10 days.  Defendant's preliminary estimate for the length of time required for trial is 5-7 days.

### E.   ADDITIONAL PARTIES:

Defendant believes that there is a high likelihood of appearance of additional parties.  Based on Defendant's belief and Defendant's assertions in its answer that unnamed third parties participated in the relevant conduct, Plaintiff likewise believes that there is a likelihood of appearance of additional parties. However, despite Plaintiff's request, Defendant has not identified the additional parties it believes will be joined.

### F.   EXPERT WITNESSES:

The parties agree that timing of expert disclosures should follow the Court's setting of a fact discovery cut-off.

## II.   MATTERS REQUIRED BY FED. R. CIV. P. 26(f)(3)

### A.   Changes made in the timing, form, or requirement for disclosures under FRCP 26(a).

<u>Plaintiff's Position</u>

Plaintiff does not believe that there should be any changes in the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).  Plaintiff is prepared to provide initial disclosures as required by the Rules.

///

Defendant's Position

Fed. R. Civ. P. 1 states that the Rules of Civil Procedure, including the rules respecting discovery, "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and *inexpensive* determination of every action and proceeding." Emphasis added. With that Rule in mind, Defendant believes the Court should order phased discovery as follows:

1. Discovery on the issue of *arbitrability*, i.e., whether Plaintiff validly agreed to submit the claims in this case to binding arbitration.

2. Discovery on the issue of *certifiability*, i.e., whether this case can proceed as a class action—in accordance with Fed. R. Civ. P. 23—and whether Plaintiff is an adequate representative of the putative class given Defendant's concern that he is a consumer protection lawyer whose firm was investigating Defendant for alleged violations of the TCPA *before* he requested to received commercial text messages from Defendant.

3. Discovery on the merits.

If discovery proves that Plaintiff's claims must be submitted to arbitration, the case will terminate and there will be no need to spare time and expense on merits discovery. Similarly, if discovery proves the case cannot proceed as a class action, the parties are unlikely to spare expense on merits discovery. Thus, Defendant believes that ordering discovery in this fashion will facilitate an speedy and inexpensive determination of this case in accordance with Fed. R. Civ. P. 1.

**B.     Subjects on which discovery needed, when discovery should be completed, and whether discovery should be phased**

Plaintiff's Position

Plaintiff, at this time, expects discovery on the following issues:   (1) Defendant's "mobile alerts" program; (2) whether Defendant violated the

Telephone Consumer Protection Act by sending unauthorized text messages to Plaintiff and class members; (3) the scope of Defendant's unlawful conduct; and (4) Plaintiff and class members' damages.  Plaintiff reserves the right to conduct other discovery not identified should the facts and circumstances warrant.

Plaintiff believes that this discovery can be completed by a fact discovery deadline set prior to the motion to class certification.  Plaintiff's belief is based upon the following facts:

- The parties engaged in informal discovery in preparation for the parties' March 21, 2016 mediation, which, as the parties informed the Court in their February 18, 2016 stipulation to extend the class certification deadline provided by Local Rule 23-3, should "expedite the parties' formal discovery."  (ECF No. 11, at 3)

- Defendant has already noticed and will take Plaintiff's deposition on May 3, 2016.  This was the first deposition noticed by any party in this case.

- Plaintiff is ready to timely comply with any other reasonable and proper discovery requests Defendant may make.

- Plaintiff has noticed and will depose both declarants offered in support of Defendant's motion to compel arbitration on May 10, 2016 in Pittsburgh, Pennsylvania.

Finally, Plaintiff does not believe discovery should be limited or focused on any particular issue and that any bifurcation or trifurcation of discovery would lead to an undue consumption of time, expense and resources.

First, as noted above, the parties are well-positioned to expeditiously conduct all discovery needed in this matter.  In fact, Defendant served the first deposition notice only days after the parties' Rule 26(f) conference.

Second, there is significant overlap in two of Defendants' proposed categories: "class certification" and "merits."  After all, in order to determine class

1  membership, it will be necessary to determine the scope and effect of Defendant's

2  conduct.  Untangling that knot into "class certification" and "merits" discovery is

3  unduly burdensome and impracticable.  It would also significantly raise discovery

4  costs in this case; for example, rather than deposing a witness once on all issues,

5  Defendant's phasing would require multiple depositions of the same witnesses.

6       Finally, Defendant's initial category, "arbitrability," is by its own admission

7  limited to "the degree to which Nghiem is familiar" with the arbitration clause

8  Defendant claims applies to this case.   (*See* ECF No.  17, at 11:9-11.)   As

9  Defendant will take Plaintiff's deposition on May 3, and Plaintiff will take the

10  depositions of Defendant's declarants on May 10, any such "arbitrability"

11  discovery will be completed prior to Defendant's motion being heard on June 13,

12  2016.

13       Defendant's Position

14       Defendant refers the Court to Section II.A for Defendant's explanation as to

15  the desirability of phased discovery. As Plaintiff concedes, the parties have

16  already embarked on a form of phased discovery by scheduling a deposition,

17  during which Defendant will explore arbitrability. As for the remaining phases,

18  Defendant believes there is little or no overlap in the discovery intended to

19  explore certifiability versus all other discovery.

20       Without exploring the substantive claims in this case, the parties should be

21  able to exchange discovery as to whether the putative class is sufficiently

22  numerous and ascertainable, whether there are common questions of law and fact,

23  whether Plaintiff's claims are typical of the putative class, and whether Plaintiff is

24  an adequate class representative. Defendant believes the putative class is small

25  and unascertainable, that there are few common questions of law and fact, and that

26  Plaintiff's claims are atypical of the putative class.

27       In fact, Defendant believes the Court will need to conduct "mini-trials" with

28

respect to each member of the putative class. Also, for the reasons stated earlier, Defendant believes that Plaintiff is a wholly inadequate class representative. If—as Defendant believes—Plaintiff must submit his claims to binding arbitration or the case cannot proceed as a class action, phased discovery will spare the expense of exhaustive merits discovery

### C.     Issues about disclosure or discovery of electronically stored information

The parties do not anticipate any issues related to the disclosure or discovery of electronically stored information.

### D.     Issues about claims of privilege or of protection as trial-preparation materials

Plaintiff's Position

Based on the arguments made in Defendant's answer and motion to compel, Plaintiff anticipates that Defendant will attempt to take discovery concerning Plaintiff's legal practice, including his representation of other clients in matters wholly unrelated to this case or his firm's representation (not Plaintiff's) of other people who have sent demand letters to Defendant for conduct unrelated to this case. Not only are these matters irrelevant to any of the claims and defenses in this action, any such attempt raises significant and burdensome attorney-client privilege and attorney work product concerns.

Defendant's Position

Plaintiff is a consumer protection lawyer whose firm was investigating Defendant for alleged violations of the TCPA *before* he requested to receive commercial text messages from Defendant. So there is a concern that his claims are atypical of the putative class and that he is an inadequate class representative who manufactured his claims. For this reason, it is imperative that Defendant be allowed to take discovery regarding Plaintiff's legal practice, including his

investigation of Defendant on behalf of other clients. Defendant is willing to stipulate to an appropriate protective order that limits dissemination of such discovery.

### E.   Changes in the limitations on discovery imposed under these rules or by local rule

Plaintiff's Position

Plaintiff does not, at this time, anticipate any changes to any of the limitations of discovery imposed by the Federal Rules or the Local Rules. However, Plaintiff has not yet received Defendant's initial disclosures, and reserves the right to revisit this position depending on the number of witnesses identified by Defendant (which may counsel in favor of relief from Rule 30(a)(2)(A).

Defendant's Position

Defendant refers the Court to its foregoing responses.

### F.   Other orders that the court should issue under FRCP 26(c), 16(b) and (c)

Plaintiff's Position

Other than the privilege issues raised in Part II(D), Plaintiff does not anticipate any necessity for such orders at this time.

Defendant's Position

Defendant believes the privilege issues raised in Part II(D) can be addressed through an appropriate protective order.

///

///

///

///

///

Dated:  May 2, 2016

Respectfully Submitted,

/s/  Paul A. Traina
Walter J. Lack, Esq. (SBN 57550)
wlack@elllaw.com
Paul A. Traina, Esq. (SBN 155805)
ptraina@elllaw.com
Ian P. Samson, Esq. (SBN 279393)
isamson@elllaw.com
**ENGSTROM, LIPSCOMB & LACK**
A Professional Corporation
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, California 90067-4113
Tel: (310) 552-3800 / Fax: (310) 552-9434

Brian J. Soo-Hoo, Esq. (SBN 228298)
soohoolaw@gmail.com
**LAW OFFICES OF BRIAN J. SOO-HOO**
601 Parkcenter Drive, Suite 105
Santa Ana, California 92705
Tel: (714) 589-2252 / Fax: (714) 589-2254

*Attorneys for Plaintiff and the Proposed Class*

Dated:  May 2, 2016

/s/  Leeor Neta
John Du Wors (SBN 233913)
john@newmanlaw.com
Samantha Everett (SBN 234402)
samantha@newmanlaw.com
**NEWMAN DU WORS LLP**
2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
Tel: (206) 274-2800 / Fax: (206) 274-2801

Leeor Neta (SBN 233454)
leeor@newmanlaw.com
**NEWMAN DU WORS LLP**
1900 Powell Street, Sixth Floor
Emeryville, California 94608
Tel: (415) 944-5422 / Fax: (415) 944-5423

*Attorneys for Defendant*

1

**SIGNATURE CERTIFICATION**

2          Pursuant to L.R. 5-4.3.4(a)(2)(i), I hereby attest that all signatories listed,

3    and on whose behalf the filing is submitted, concur in this filing's content and

4    have authorized this filing.

5    DATED:  May 2, 2016                    ENGSTROM, LIPSCOMB & LACK

6
                                           */s/  Paul A. Traina*
7                                          PAUL A. TRAINA

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The foregoing Joint Rule 26(f) Report of Counsel has been served via the Court's ECF system, which will send notification to counsel in this case.

DATED:  May 2, 2016                    ENGSTROM, LIPSCOMB & LACK

                                                          */s/  Paul A. Traina*
                                                          PAUL A. TRAINA