John Du Wors, State Bar No. 233913
*john@newmanlaw.com*
Samantha Everett, State Bar No. 234402
*samantha@newmanlaw.com*
Nathaniel E. Durrance, State Bar No. 229210
*nathan@newmanlaw.com*
NEWMAN DU WORS LLP
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile:  (206) 274-2801

Attorneys for Defendant
Dick's Sporting Goods

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIP NGHIEM, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>DICK'S SPORTING GOODS, INC., ZETA INTERACTIVE CORPORATION, and DOES 1–10, inclusive,<br><br>Defendant. | Case No. 8:16-cv-00097-CJC-DFM<br><br>**STIPULATED PROTECTIVE ORDER** |

1  Plaintiff Phillip Nghiem ("Nghiem") and Defendant Dick's Sporting Goods,
2  Inc. ("DSG") and Zeta Interactive Corporation (individually "Party" and
3  collectively "Parties") hereby stipulate and agree, by and through their attorneys,
4  to the entry of this Stipulated Protective Order ("Order"). This Order shall
5  govern the use, dissemination, and disclosure of certain information and
6  documents and materials described below, including any information contained in
7  such documents and materials, which are obtained by the Parties during the course
8  of this action. The Parties agree as follows:

9  **A.  PURPOSES AND LIMITATIONS**

10  Disclosure and discovery activity in this action are likely to involve production
11  of confidential, proprietary, or private information for which special protection
12  from public disclosure and from use for any purpose other than prosecuting this
13  litigation may be warranted. Accordingly, the parties hereby stipulate to and
14  petition the court to enter the following Stipulated Protective Order. The parties
15  acknowledge that this Order does not confer blanket protections on all disclosures
16  or responses to discovery and that the protection it affords from public disclosure
17  and use extends only to the limited information or items that are entitled to
18  confidential treatment under the applicable legal principles. The parties further
19  acknowledge, as set forth in Section M.3, below, that this Stipulated Protective
20  Order does not entitle them to file confidential information under seal; Civil Local
21  Rule 79-5 sets forth the procedures that must be followed and the standards that
22  will be applied when a party seeks permission from the court to file material under
23  seal.

24  **B.  DEFINITIONS**

25  1.  Challenging Party: a Party or Non-Party that challenges the
26  designation of information or items under this Order.
27  2.  "CONFIDENTIAL" information or materials: all information and
28  materials that have not been made public, the disclosure of which could cause harm

1
STIPULATED PROTECTIVE ORDER

to the disclosing Party's business operations or the business operations of a party in privity with the disclosing Party, could provide improper competitive advantage to others, discloses private or personal information, or for any other reason qualifies for protection under Federal Rule of Civil Procedure 26(c).

3. "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" information and materials: all information and materials that would, if known to any officer, director, employee, or agent of a Receiving Party (including any attorneys employed by a Receiving Party, regardless of whether such employees are deemed in-house counsel), or to the public, lead to a harm or injury to the reputation and/or business of the disclosing Party. Confidential – Outside Counsels' Eyes Only information and materials may include information that concerns or relates to (1) sales, marketing, manufacturing, or research and development, (2) financial performance, (3) manufacturing or other costs of doing business, (4) licenses or other confidential agreements, (5) technical details of products or methods of doing business, (6) manufacturers and/or suppliers, and/or (7) corporate information, such as information relating to mergers, acquisitions, and/or asset purchases, and/or (8) proprietary information and client confidences as may arise in or affect a Law Firm and its personnel and clients. Confidential – Outside Counsels' Eyes Only information and materials is a subcategory of Confidential information and materials as defined above in Section B.2. Confidential – Outside Counsels' Eyes Only Information shall not include any Information and/or Materials that has been made public, provided such public disclosure was authorized by the Party claiming ownership of the Information or Material, and not unlawful, inadvertent, or the fault of the Receiving Party.

4. Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

5. Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as

"CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY".

6. <u>Disclosure or Discovery Material</u>: all information or material, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

7. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

8. <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

9. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

10. <u>Outside Counsel</u>: licensed attorneys who are not employees, or owners, or directors, or officers, or agents of a party to this action and who are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

11. <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

12. <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

13. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14. Protected Material: any information or material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

15. Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## C. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order, which separate agreement must be agreed upon by any affected Non-Parties whose designated material is affected.

## D. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## E. DESIGNATING PROTECTED MATERIAL

1. In designating Protected Material as Confidential or Confidential –

Outside Counsels' Eyes Only, counsel will make such designation only as to that information that he or she in good faith believes to be Confidential or Confidential – Outside Counsels' Eyes Only as defined in Section B of this Order.

2. If counsel for a Party believes that questions put to a witness being examined during a deposition will disclose Protected Material of his or her client, or that the answer to any question or questions requires such disclosure, or if documents to be used as exhibits during the examination contain such information, counsel shall so notify opposing counsel and the deposition of such witness, or portions thereof, shall be taken only in the presence of appropriate persons as defined in Section H hereof, counsel for the witness, if any, the stenographic reporter, the videographer, if any, and the officers or employees of the Party whose Confidential or Confidential – Outside Counsels' Eyes Only information is being disclosed.

3. All Protected Material shall be so identified on each page and labeled by the Producing Party as follows:

    a. Confidential information and materials shall be labeled "CONFIDENTIAL"

    b. Confidential – Outside Counsels' Eyes Only information and material shall be labeled "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY"

4. For Protected Material deemed CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY that is produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the CD or DVD, container or containers in which the information or item is stored the legend CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY. If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions,

specifying whether they qualify as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY.

5. If qualified Protected Material cannot be labeled, they shall be designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY in a manner to be agreed upon by the Parties.

6. If the original of a document or thing is not produced, the designating Party may, in lieu of marking the original of a document or thing, mark the copies that are produced or exchanged, provided that the other Party, by its counsel, shall have the right to examine the original, to be provided with a full and complete copy thereof, and to call for production of the original at the trial in this action. Notwithstanding the foregoing, nothing in this Order requires the production of Protected Material that is subject to a claim of privilege and/or work product immunity, or any Protected Material that is otherwise not subject to discovery.

7. The identification and labeling specified in this Order shall be made at the time when the answer to an interrogatory or the answer to a request for admission is served, or when a copy of the document or thing is provided to a Party. In the case of hearing and deposition transcript pages, the designating Party may invoke on the record (before the deposition or proceeding is concluded) the right to designate such transcripts. Once a Party or Non-Party has invoked this procedure, the Parties and Non-Party shall be notified immediately and shall have up to fifteen (15) days from the date of receipt of a hard copy of the final transcript from the court reporter to identify the specific portion(s) of the testimony as to which protection is sought and to specify the level of protection being asserted (Confidential or Confidential – Outside Counsels' Eyes Only). During such fifteen (15) day period, the entire transcript shall be deemed to be Confidential – Outside Counsels' Eyes Only.

8. In the event that a Producing Party discovers a failure to mark qualified Information or Materials as Confidential or Confidential – Outside

Counsels' Eyes Only, the other Party or any Non-Party affected shall be notified immediately and the following corrective action shall be taken:

    a. The Receiving Party shall notify all persons who have received the Protected Material that the Protected Material is designated Confidential or Confidential – Outside Counsels' Eyes Only and must be treated as designated in this Order;

    b. The Receiving Party shall take all reasonable steps to notify persons who have received the Protected Material and will provide to them any redesignated copies of the Protected Material supplied by the disclosing Party.

    c. The Receiving Party shall treat the newly marked Protected Material as set out in this Order.

9. Submission to the Court of Protected Material designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY shall be under seal pursuant to the procedures established by the Local Rules for the Central District of California. Submission of documents under seal shall not waive the submitting party's right to challenge the confidentiality designation applied to the document.

10. In the event that a disclosing Party discovers a failure to file Protected Material designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY under seal, the other Party shall be notified immediately and the disclosing Party shall take all necessary steps to seal the Protected Material.

F. **REDACTION**

1. Redacted versions of Confidential or Confidential – Outside Counsels' Eyes Only Protected Material that no longer contain Confidential or Confidential – Outside Counsels' Eyes Only information may be used for any proper purpose.

2. If any Party intends to use a redacted version of any Information and/or Materials designated Confidential or Confidential – Outside Counsels' Eyes Only in a manner that would exceed the uses permitted under the designation used on such Information and/or Materials, the Party must first submit its proposed redactions to the Party or Non-Party that originally designated such Information and/or Materials. Upon receipt, the Party or Non-Party originally designating such Information and/or Materials shall make a good faith effort to either approve the proposed redactions or propose whatever additional redactions are necessary to render the Information and/or Materials appropriate for use or disclosure exceeding their original designation as promptly as practicable, but in no even more than seven (7) days after the receipt of the proposed redactions.

G. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

1. <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

2. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of

notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

       3.    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Failure by the Challenging Party to oppose such a motion shall automatically waive the confidentiality designation for each challenged designation.

       4.    The burden of persuasion in any such challenge proceeding shall be on the Challenging Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file an opposition to a motion to change the designation as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**H.   ACCESS TO AND USE OF PROTECTED MATERIAL**

       1.    <u>Basic Principles</u>. Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this

*** Please see Court's Procedures and Schedules page for information about informal telephone conferences.

9

STIPULATED PROTECTIVE ORDER

case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section N below (FINAL DISPOSITION). Producing Party may disclose Protected Material to the author of the Protected Material, or any employees or agents of Producing Party, at any time without waiving any protections set forth herein.

2. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

3. <u>Disclosure of "CONFIDENTIAL" Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   a. the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

   b. the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   c. Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   d. the court and its personnel;

e. court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

f. during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

g. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, if the author or recipient are no longer available to authenticate or testify regarding the document.

4. <u>Disclosure of "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" Protected Material</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" only to:

a. Outside counsel and their staff, as defined herein;

b. Experts and their staff, as defined herein; and

c. The Court and its staff, as defined herein.

## I. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this

action as "CONFIDENTIAL," that Party must:

2. (a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

3. (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

4. (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

5. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**J. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

1. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL or as "CONFIDENTIAL-OUTSIDE COUNSEL'S EYES ONLY." Such information produced by Non-Parties in connection with this litigation is subject to the requirements of section J.2 herein, and protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's information designated as "CONFIDENTIAL or as

"CONFIDENTIAL-OUTSIDE COUNSELS' EYES ONLY" in its possession, then the Party shall:

    a. promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

    b. promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

    c. make the information requested available for inspection by the Non-Party.

3. If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party objects and/or timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court if any such determination is made by the Court pursuant to a motion brought by any concerned Party.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

### K. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

1. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all

the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### L. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

1. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

### M. MISCELLANEOUS

1. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

2. <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

3. <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material

must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## N. FINAL DISPOSITION

Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within 60 days after the final disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. With regard to any Protected Material that has been produced or provided by any Non-Party, such Protected Material is to be return to such Non-Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled

to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section D (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 6/20/2016        ENGSTROM, LIPSCOMB & LACK

By: _____
Attorneys for Plaintiff

DATED: June 20, 2016     NEWMAN DU WORS LLP

By: _____
Attorneys for Defendants

DATED: 6/20/16          HILLER & ASSOCIATES

By: _____
Attorneys for Non-Party
Manning Law APC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: June 22, 2106

_____
United States District/Magistrate Judge
Honorable Douglas F. McCormick

16
STIPULATED PROTECTIVE ORDER

# EXHIBIT A
# ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety the Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of Phillip Nghiem v. Dick's Sporting Goods, Inc., Case No. 8:16-cv-00097-CJC-DFM. I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United State District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____